IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

OSCAR STERLING MASON, )
)
      Petitioner, )
)
v. ) Case No. CIV-15-1169-M
)
BRIAN THORNBURGH,[1] )
)
      Respondent. )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, brought this action seeking habeas relief from a state court suspended-sentence revocation, (ECF Nos. 1, 11), and United States District Judge Vicki Miles-LaGrange referred the matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has filed the Court-ordered Response (ECF No. 12) and Petitioner replied. (ECF No. 15). After thorough review, the undersigned recommends the Court **DENY** the Petition.

I.     **RELEVANT BACKGROUND**

In September 2012, in Case No. CF-2012-1309, Petitioner pleaded guilty to possession of a controlled dangerous substance (cocaine) and the Oklahoma County District Court sentenced him to ten years imprisonment, suspended. (ECF No. 1:1; ECF No. 12:2). On December 11, 2013, the State filed an application to revoke the suspended sentence, (ECF No. 12, Ex. 5:1), and Petitioner was arrested in January

---

[1] Brian Thornburgh, District Supervisor for the Clara Waters Community Corrections Center, is Petitioner's custodian and the proper Respondent.

2014. (ECF No. 1:5; ECF No. 12, Ex. 5:2). The state court arraigned Petitioner on January 14, 2014 and set his revocation hearing for January 21, 2014. (ECF No. 12, Ex. 5:3). Per Petitioner's request, the court then continued the revocation hearing to March 18, 2014. (ECF No. 12, Ex. 5:6). On March 4, 2014, the State filed an amended application to revoke Petitioner's suspended sentence, alleging a new infraction; namely, that Petitioner had committed the new crime of obstructing an officer. (ECF No. 12, Ex. 5:7). The state court held Petitioner's revocation hearing on March 18, 2014, and after receiving testimony and argument, revoked Petitioner's suspended sentence. (ECF No. 1:8; ECF No. 14).

Petitioner appealed to the Oklahoma Court of Criminal Appeals ("OCCA"), alleging: (1) the lack of notice regarding the amended application to revoke violated due process; (2) his attorney was ineffective for failing to object to the lack of notice; and (3) the full revocation of his ten year sentence was excessive. (ECF No. 12, Ex. 1:1-21). The OCCA denied each claim on the merits. (ECF No. 12, Ex. 3:1-5).

## II.   PETITIONER'S HABEAS CLAIMS

Petitioner submitted a Petition (ECF No. 1), Brief in Support (ECF No. 11), and Reply (ECF No. 15), totaling 103 pages of handwritten information. Unfortunately, it is difficult to parcel out Petitioner's actual claims amid his pages and pages of case and keynote citations. However, with liberal construction, the undersigned believes Petitioner alleges (in no particular order):

**Claim One**: Due process violations through: (1) the State's not filing the original application to revoke; (2) his inability to personally enter a "not guilty" plea after the

2

original application to revoke; (3) a lack of notice involving the amended application to revoke; (4) the state court's failure to conduct a second arraignment following the amended application to revoke; (5) the state's failure to hold a probable cause hearing following his arrest,[2] (6) an inability to confront and question witnesses, and (7) a lack of sufficient evidence to support the charge of obstruction of an officer for purposes of revocation. (ECF Nos. 1, 11, 15).

**Claim Two**: Ineffective assistance of counsel through failure to: (1) investigate; (2) object to the lack of notice on the amended application to revoke; (3) inform Petitioner of the amended application to revoke; and (4) ask for a continuance. (ECF No. 1:30-31).

**Claim Three**: Excessive punishment. (ECF No. 11:28-31).[3]

## III. THE PETITION'S CHARACTERIZATION AND STANDARD OF REVIEW

Petitioner filed his Petition as an application for post-conviction relief. (ECF No. 1). Respondent argues the Court should construe the pleading as a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and should give the OCCA's opinion the necessary deference. (ECF No. 12:6-11). Alternatively, Respondent argues, if the Court construes

---

[2] It is unclear whether Petitioner challenges his arrest (and lack of probable cause hearing) on the revocation application or on the obstruction of an officer charge. Regardless, Petitioner believes it entitles him to habeas relief on his suspended-sentence revocation.

[3] Respondent interprets the Petition to also claim habeas relief based on the alleged harassment and vindictiveness surrounding the charge for obstructing an officer. (ECF No. 12:17). The undersigned agrees Petitioner complained about this alleged conduct, (ECF No. 1:14-17; ECF No. 15:17-18), but does not interpret the Petition as seeking habeas relief on this issue. The undersigned also disagrees with Respondent's assertion Petitioner abandoned his excessive sentence claim. (ECF No. 12:5). Finally, despite Petitioner's lengthy discussion of double jeopardy cases throughout his Brief in Support (ECF No. 11), the undersigned simply finds no plausible double jeopardy claim in Petitioner's pleadings.

the Petition as arising under 28 U.S.C. § 2241, it should nevertheless apply § 2254 deference. (ECF No. 12:8). The undersigned disagrees with both arguments.

"Because [Petitioner] challenges the revocation of his suspended sentence rather than the underlying conviction, his claims are properly brought under § 2241." *Randall v. Allbaugh*, __ F. App'x __, 2016 WL 5416361, at *1, n.2 (10th Cir. 2016) (citing *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)); *Johnson v. Patton*, 580 F. App'x. 646, 649 (10th Cir. 2014) (treating petitioner's challenge to his parole revocation as arising under § 2241). In other words, because Petitioner "is neither challenging a state conviction nor sentence" "§ 2254 is inapplicable." *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007). Accordingly, the Court should treat Petitioner's pleading as arising under § 2241, rather than § 2254. *See Randall*, 2016 WL 5416361, at *1, n.2; *Leatherwood v. Allbaugh*, No. CIV-13-1149-M, 2016 WL 4006874, at *4 (W.D. Okla. Jan. 15, 2016) (unpublished report and recommendation) (finding petitioner's challenge to the revocation of his sentence is properly characterized under § 2241 rather than § 2254), *adopted*, 2016 WL 4006029 (W.D. Okla. July 25, 2016) (unpublished district court order); *see also Hopkins v. McCollum*, No CIV-13-679-R, 2015 WL 9312125, at *3 (W.D. Okla. Nov. 25, 2015) (unpublished report and recommendation) (same), *adopted*, 2015 WL 9307351 (W.D. Okla. Dec. 21, 2015) (unpublished district court order).

The Court should also decline to apply § 2254's deference standard to the Petition. "The deferential standard of review contained within § 2254 is . . . only properly invoked when an individual in state custody collaterally attacks the validity of a

state conviction and/or sentence." *Walck*, 472 F.3d at 1234 (citing *McIntosh*, 115 F.3d at 811); *see also Hale v. Fox*, 829 F.3d 1162, 1170 (10th Cir. 2016) ("'When reviewing the denial of a habeas petition under § 2241, we review the district court's legal conclusions de novo . . . .'" (citation omitted)); *Johnson*, 580 F. App'x at 649-50 (stating "[o]ur review of a § 2241 dismissal is de novo; the deference provisions of 28 U.S.C. § 2254(d) are not applicable"); *Leatherwood*, 2016 WL 4006874, at *4 (declining to review petitioner's § 2241 petition challenging his sentence revocation under § 2254's deferential standard and instead reviewing petitioner's "claims for constitutional error de novo"); *Hopkins,* 2015 WL 9312125, at *3 (same).

Because the proper review is de novo, Petitioner can only obtain habeas relief if he shows a constitutional violation by a preponderance of the evidence. *See Beeler v. Crouse*, 332 F.2d 783, 783 (10th Cir. 1964); *see also Sa'Ra v. Raemisch*, 536 F. App'x. 783, 787–88 (10th Cir. 2013) (noting on habeas review: "Our independent judgment is affected by allocation of the underlying burden of persuasion. That burden falls on the Petitioner, who must show a constitutional violation by a preponderance of the evidence.").

## IV.  ANALYSIS

Respondent recognizes Petitioner did not raise many of his claims on direct appeal but specifically waives the exhaustion requirement and asks the Court to deny the Petition on its merits. (ECF No. 12:4). The undersigned agrees that Petitioner has failed to show entitlement to habeas relief on any claim.

## A. Claim One: Alleged Due Process Violations

Whether Petitioner was properly arraigned, allowed to "personally" enter his not-guilty plea, or properly arrested are irrelevant to his request for habeas relief because under well-established Supreme Court precedent, revocation proceedings are subject only to "minimum requirements of due process." *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972); *see also Blackwell v. Garfield Cnty. Jail*, No. CIV-13-1317-D, 2014 WL 299110, at *1, *5 (W.D. Okla. Jan. 28, 2014) (unpublished district court order) (adopting magistrate judge's finding that "the procedures guaranteed by the Due Process Clause of the Fourteenth Amendment in the revocation of a suspended sentence are those established in *Morrissey* . . ."). That is, "the State has an overwhelming interest in being able to return the individual to imprisonment without the burden of a new adversary criminal trial if in fact he has failed to abide by the conditions of his [suspended sentence]." *Id.*; *see also Black v. Romano*, 471 U.S. 606, 613 (1985) ("The decision to revoke [a suspended sentence] is generally predictive and subjective in nature" and the "flexible, informal nature of the revocation hearing . . . does not require the full panoply of procedural safeguards associated with a criminal trial.").

Those minimum due process requirements include: (1) written notice of the alleged violation; (2) notice of the evidence; (3) a meaningful opportunity to be heard and present evidence; (4) the right to confront and cross-examine witnesses; (5) an unbiased hearing body; and (6) the state court's written statement describing the evidence relied on and the reasons for the decision. *See Morrissey*, 408 U.S. at 489.

6

Due process also requires the State to provide "sufficient evidence" to support revocation. *Black*, 471 U.S. at 615-16.

Petitioner does not allege he lacked an unbiased hearing body or that the state court failed to provide a written statement explaining the evidence relied upon and the reasons for revocation. Further, the record conclusively establishes: (1) Petitioner appeared with his attorney at the revocation hearing; (2) Petitioner's attorney cross-examined the witnesses; and (3) Petitioner testified. (ECF No. 14:3-44). Thus the only remaining questions are

- Whether Petitioner received written notice of the alleged violations,
- Whether Petitioner received notice of the evidence and
- Was the evidence sufficient to revoke his suspended sentence.

The record reflects the State filed both the original revocation application and the amended revocation application. (ECF No. 12, Ex. 5:1, 7). And, Petitioner acknowledges he had been arrested on the newly added charge of obstructing an officer in December 2013 – months before his revocation hearing in March 2014. (ECF No. 1:16). He also admitted in open court he had seen a copy of the application to revoke his sentence, (ECF No. 14:6-7), and the record reveals Petitioner's attorney showed no surprise at the amended revocation application and questioned Petitioner and the relevant witnesses about the obstruction charge. (ECF No. 14:3-8, 22-25, 30-34, 36-39). Finally, Petitioner fails to establish any prejudice resulting from the alleged inadequate notice. That is, Petitioner's attorney cross-examined all the witnesses and Petitioner gave testimony in his own defense on the obstruction charge. Petitioner fails to explain what more he

would have done. *See, e.g., Miller v. Fed. Bureau of Prisons*, 989 F.2d 420, 423 (10th Cir. 1993) (finding no due process error in delayed notice absent a showing of prejudice); *Hopkins*, 2015 WL 9312125, at *7 (finding petitioner was not entitled to habeas relief on claim he was not given proper notice for grounds for revocation where he had "failed to demonstrate prejudice"). Accordingly, Petitioner has failed to show by a preponderance of the evidence that he lacked written notice of the revocation or notice of the evidence, or that he suffered any prejudice as a result.

Finally, Petitioner's claim that the State did not sufficiently prove he obstructed an officer for purposes of revocation does not support habeas relief. The State alleged Petitioner violated the terms of his suspended sentence based on his: (1) failure to report as directed; (2) failure to report a change of address; (3) failure to pay supervision fees and/or court costs; (4) failure to obtain an alcohol and/or drug assessment; (5) failure to attend the teen challenge program; and (6) commission of the crime of obstructing an officer. (ECF No. 12, Ex. 5:7). Petitioner does not challenge the sufficiency of the evidence for the first five charges, and "the failure of one basis of revoking probation would not invalidate the revocation as long as there are other grounds supporting the revocation . . . ." *Beck v. City of Muskogee Police Dep't.*, 195 F.3d 553, 560 (10th Cir. 1999).

In sum, the Court should conclude that Petitioner failed to establish by a preponderance of the evidence that his suspended-sentence revocation violated his due process rights.

### B. Claim Two: Alleged Ineffective Assistance of Counsel

Petitioner next alleges his attorney was ineffective for failing to: (1) investigate; (2) object to the lack of notice on the amended application to revoke; (3) inform Petitioner of the amended application to revoke; and (4) ask for a continuance. (ECF No. 1:30-31). Again, the undersigned finds no basis for habeas relief.

To obtain habeas relief based on ineffective assistance of counsel, Petitioner must show his attorney's performance was deficient and he was prejudiced as a result. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Regarding prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Here, Petitioner wholly fails to explain what his attorney failed to investigate or how additional information would have resulted in a different outcome at the revocation hearing. As noted above, Petitioner's due process rights were not violated through a lack of notice and his revocation would have been valid based on a finding he had committed any of the six alleged violations. Under such circumstances, Petitioner cannot prevail on his ineffective assistance of counsel claim. *See Hopkins*, 2015 WL 9312125, at *10 (finding petitioner failed to establish the outcome of his sentence revocation would have been different but for counsel's errors).

### C. Claim Three: Alleged Excessive Sentencing

In his final argument, Petitioner alleges the trial court violated his constitutional rights when it suspended his sentence in full. (ECF No. 11:28-31). The Court should deny habeas relief on this ground.

On habeas review, the Court "afford[s] wide discretion to the state trial court's sentencing decision, and challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law." *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000). Generally then, habeas review "ends once [the Court] determine[s] the sentence is within the limitation set by statute." *Id.*; *see also Britt v. Embry*, 302 F. App'x 774, 783 (10th Cir. 2008) (holding that because sentence fell within the statutory range, "habeas review of [the] sentence" was complete).

In Oklahoma, a trial court may revoke a suspended sentence "in whole or in part[.]" Okla. Stat. tit. 22, § 991b(D). Petitioner's original sentence called for a ten year sentence for possession of a controlled dangerous substance (cocaine) and this was within the statutory range under Oklahoma law. *See* Okla. Stat. tit. 63, § 2-402(B)(1). So, the undersigned finds no grounds for habeas relief. *See Foster v. Watts*, No. 11-CV-758-JHP-PJC, 2014 WL 3893746, at *5 (N.D. Okla. Aug. 7, 2014) (unpublished district court order) (rejecting petitioner's claim trial court's revocation of full ten year sentence was excessive where Oklahoma law permitted a full revocation and the sentence was within the statutory range), *affirmed*, 596 F. App'x 614, 616 (10th Cir. 2014) ("Under Oklahoma law, the minimum sentence involved ten years, and the state court revoked the suspended sentence and set a prison term of ten years. Imposition of the statutory minimum was not constitutionally excessive, as explained by the federal district court.").

## V. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Based upon the foregoing analysis, the undersigned recommends the Court **DENY** the Petition.

The parties are advised of their right to file an objection to this Report and Recommendation with the court clerk by **November 10, 2016**, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VI. STATUS OF REFERRAL

This Report and Recommendation terminates the District Judge's referral in this matter.

ENTERED on October 24, 2016.

*[signature]*
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE